IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JEWEL GRIFFIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-CV-219-H-BQ |
| | § | |
| CPS/OCR OFFICE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
<u>**OF THE UNITED STATES MAGISTRATE JUDGE**</u>

Proceeding pro se and *in forma pauperis*, Jewel Griffin filed this action under 42 U.S.C. § 1983, alleging violations of her constitutional rights. Compl. 4–5, ECF No. 1.[1] She requests an investigation into her claims and for "the Judge to press criminal charges." *Id.* at 5. Under Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for further proceedings.

Griffin filed her original Complaint on September 14, 2020. ECF No. 1. The undersigned subsequently granted Griffin's Application to Proceed *In Forma Pauperis* (IFP). ECF Nos. 6, 7. On September 17, 2020, the Court entered an Order and Notice of Deficiency requiring that Griffin file an amended complaint satisfying Rule 8(a) of the Federal Rules of Civil Procedure. ECF No. 5 (explaining that Griffin's original "Complaint is largely devoid of dates and specific facts" and "makes conclusory and sweeping allegations"). Griffin filed what is docketed as her Amended Complaint on November 10, 2020. ECF No. 8. The Court cautioned Griffin that any amended complaint would supersede her original complaint and instructed her to "clearly list all of the

---

[1] Page citations to Griffin's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

claims and defendants that she wished the Court to consider." ECF No. 5. Despite this admonishment, Griffin's Amended Complaint is only one page and the allegations are sparse. ECF No. 8.

Not all parties have consented to proceed before the undersigned magistrate judge. Accordingly, the undersigned, considering both the Original and Amended Complaints, makes the following findings, conclusions, and recommendations to the United States District Judge.

## I. Standard of Review

Section 1915(e) requires dismissal of an IFP complaint *at any time* if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[2] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Newsome v. E.E.O.C.*, 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of pro se, non-prisoner plaintiff's claims as frivolous and for failure to state a claim under § 1915(e)(2)(B)(i) and (ii)). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327. When analyzing a pro se plaintiff's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (noting responses given to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may

---

[2] Griffin is not a "prisoner" within the meaning of 28 U.S.C. § 1915(h) and is not subject to the screening provisions of the Prison Litigation Reform Act. Because Griffin sought and was granted leave to proceed IFP, however, she is nevertheless subject to screening under 28 U.S.C. § 1915(e)(2).

dismiss prisoners' in forma pauperis claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotation marks omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. Background

Griffin's Complaint names as Defendant Texas Child Protective Services (CPS)/Officer of Consumer Relations (OCR),[3] in its official capacity, with office locations in the following counties: Morris, Gaines, Daingerfield, Henderson, Dallas, Austin, and Corpus Christi. Compl. 2; Am. Compl. 1.[4] Griffin's Amended Complaint also names as purported Defendants foster parents Clydelle McCoy and Beverly Ayers, as well as two individuals named Clara King and Jazmine Small. Am. Compl. 1.

The entirety of Griffin's Complaint centers upon her allegations that CPS and the government are complicit in a conspiracy to harm her children. Compl. 4–5. More specifically, she claims: (1) she has been stalked by CPS, her children's foster parents, and military intelligence; (2) unspecified individuals have attempted to kill her and threatened to kill her children; (3) she has been tortured and harassed because she refused her children's foster parent's

---

[3] Griffin names "OCR" as a Defendant in this action but fails to specify what she means by this acronym. Compl. 2. She does, however, provide the telephone number for the Office of Consumer Relations within the Texas Department of Family and Protective Services. *Id.* The Court therefore construes her Complaint accordingly.

[4] Although an amended complaint ordinarily supersedes an original complaint (*King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)), the Court considered both in evaluating Griffin's claims.

request to "join [in] child trafficking [her] children"; (4) government officials kidnapped and held her hostage; (5) CPS "switch[ed] [her] children with other children in foster care" and "kill[ed] [her] original children"; (6) she "was slandered in an effort to stop Help and [her] children are Exploited all over the world"; and (7) she has "under gone [sic] surgery to show [her] what They do to children!" *Id.* at 5, 12, 19; ECF No. 1-3, at 1–5.

According to Griffin, several agencies have ignored her reports, including CPS, OCR, the FBI, and the Department of Justice. *Id.* Griffin ultimately asks the Court "to give [her] Relief by pressing charges and opening an investigation." Am. Compl. 1, ECF No. 8.

### III. Discussion

**Griffin's claims should be dismissed because her allegations are too vague and fantastic to state a cognizable claim under § 1983.**

Griffin's claims are largely incoherent and delusional and therefore should be dismissed. Factual assertions founded upon fantastic or delusional scenarios, and legal claims based on indisputably meritless theories, are frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Denton v. Hernandez*, 504 U.S. 25, 31–32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). Indeed, where claims do "not present a logical set of facts to support any claim for relief" and instead "recite[] fantastic charges which are fanciful and delusional in nature . . . [d]ismissal is clearly warranted . . . ." *Muina v. The KKK St. Joe Paper Co.*, No. 3-09-CV-0364-K, 2009 WL 1542531, at *2 (N.D. Tex. June 1, 2009) (citations omitted); *see, e.g.*, *Moody v. Fowler*, No. 3–10–CV–0729–M, 2010 WL 2175904, at *2 (N.D. Tex. Apr. 28, 2010) (recommending dismissal at screening frivolous "request that [plaintiff's] birthday be made a national holiday"), *R. & R. adopted by* 2010 WL 2175905 (N.D. Tex. May 27, 2010); *Patterson v. U.S. Gov't*, No. 3–08–CV–1730–K, 2008 WL 5061800, at *1–2 (N.D. Tex. Nov. 25, 2008) (dismissing as frivolous at screening complaint alleging "outlandish allegations," including that plaintiff was "being tracked

daily by a remote control bracelet, that the President of the United States called her pastor to discuss the situation, that she ha[d] received messages from anonymous sources and through television ads instructing her to return to her husband, and that someone at a family crisis center threatened to put her in a dungeon"); *Melton v. Am. Civ. Liberties Union*, No. 3–07–CV–0856–M, 2007 WL 2263953, at *1–2 (N.D. Tex. July 30, 2007) (dismissing as frivolous at screening complaint alleging "that the ACLU and its attorneys, acting as unregistered Russian agents, . . . violated his civil rights and those of other Americans by using the courts to attack the United States Constitution and set up a Communist government"); *Jackson v. Johnson*, No. 3-05-CV-1230-H, 2005 WL 1521495, at *1–2 (N.D. Tex. June 27, 2005) (recommending dismissal at screening frivolous complaint alleging that "the FBI [conspired] with state and local police to invade his privacy through highly sophisticated surveillance techniques, computerized mind control, and satellite weaponry"), *R. & R. adopted by* 2005 WL 1668084 (N.D. Tex. July 13, 2005).

In addition, Griffin's claims, liberally construed, are nonetheless vague and non-specific accusations of wrongdoing and fail to support an actionable § 1983 claim. *See Sias v. Louisiana*, 146 F. App'x 719, 720 (5th Cir. 2005) (holding that vague and conclusory allegations provide an insufficient basis for § 1983 claims); *Richards v. Johnson*, 115 F. App'x 677, 678 (5th Cir. 2004) (same); *Lloyd v. Jones*, CASE NO. 9:18-CV-211, 2019 WL 4786874, at *6 (E.D. Tex. Sept. 10, 2019) (quoting *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010)) ("The Court does not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'"). A court's liberal construction of a pro se complaint does not relieve a plaintiff from her obligation to plead specific facts that raise the right to relief above a speculative level. *Chhim*, 836 F.3d at 469 (citing *Taylor*, 296 F.3d at 378).

In sum, Griffin's claims fail because they are simply too vague, allege unspecified wrongdoing by unspecified defendants, and "do[] not present a logical set of facts to support any claim for relief." *See Muina*, 2009 WL 1542531, at *2. Accordingly, her claims fail to raise the right to relief above—or even to—a speculative level and must therefore be dismissed. *See Maringo v. McGuirk*, 268 F. App'x 309, 310 (5th Cir. 2008) (affirming dismissal because plaintiff's "claims against [defendant] and her ghost [were] 'obviously frivolous' factually . . ."); *Morris v. City of Lubbock, et al.*, Civil Action No. 5:17-CV-00275-C (N.D. Tex. Apr. 16, 2018) (dismissing as frivolous Morris's claim that a State of Texas official raped and abused her child because the claim was "clearly baseless" and "vague and conclusory").[5]

## IV. Recommendation

For these reasons, the undersigned recommends that the United States District Court dismiss with prejudice all claims as frivolous in accordance with 28 U.S.C. § 1915.

## V. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made,

---

[5] The nature of relief sought by Griffin, i.e., asking the Court "to press[] charges and open[] an investigation," provides further basis for dismissal of her claims. Requests by private parties for federal courts to investigate alleged criminal matters and file charges are not cognizable under § 1983. *See, e.g., Combs v. Dunn*, 279 F. App'x 300 (5th Cir. 2008) (affirming lower court's dismissal as frivolous prisoner's application for writ of mandamus seeking to compel district court to investigate and file criminal charges against a narcotics detective). Moreover, "a private citizen like [Griffin] cannot initiate a federal criminal prosecution because that power is vested exclusively in the executive branch." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 635 (N.D. Tex. 2007) (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974)). As a private party, Griffin "has no standing to institute federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 263 (5th Cir. 2005) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Simply stated, no constitutional right exists to have someone criminally prosecuted. *Florance*, 500 F. Supp. 2d at 635 (citing *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990)).

state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: February 18, 2021.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE